UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE SANDERS,

    Plaintiff,

v.                                                                              Case No. 8:17-cv-2938-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

**<u>O R D E R</u>**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1966, has a tenth-grade education,[1] and, due in part to various periods of incarceration, has no past relevant work experience. (Doc. 22 at

---

[1] The record contains conflicting information as to whether the Plaintiff's academic career included special education classes. (R. 32, 391). The Court need not resolve this issue, however, as it does not impact the Court's analysis.

5). In August 2014, the Plaintiff applied for SSI, alleging disability as of August 1, 2006, due to paranoia, depression, hearing voices, and schizophrenia. (R. 58-59). The Social Security Administration (SSA) denied his application both initially and on reconsideration. (R. 59-82).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on August 30, 2016. (R. 28). At the beginning of that hearing, Plaintiff's counsel gave a brief opening statement in which he opined that, because the Plaintiff had received a score of seventy-six on an IQ test while in prison, the ALJ should order a consultative examination (CE) relative to the Plaintiff's IQ. (R. 32-33). Following these opening remarks, the ALJ took testimony from both the Plaintiff (R. 33-42) and a vocational expert (VE) (R. 42-50).

On January 4, 2017, the ALJ issued a decision denying the Plaintiff's SSI application. (R. 10-25). The ALJ began his decision by addressing the Plaintiff's request for a CE "so that [IQ] testing could be performed." (R. 13). Noting that the intelligence examinations of record consistently showed the Plaintiff's intelligence "to be in the low average range" and that the objective findings during the relevant period did not suggest his intelligence was below average, the ALJ concluded that the sought-after CE would neither be necessary to develop a sufficient record nor an efficient use of resources. *Id.* As a result, the ALJ denied the Plaintiff's request. *Id.*

With this issue resolved, the ALJ went on to find that the Plaintiff: (1) had not engaged in substantial gainful activity since his application date of August 26, 2014; (2) had the severe impairments of depression, schizophrenia, bipolar disorder,

adjustment disorder, psychotic disorder, and personality disorder; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a full range of work at all exertional levels as defined in the Social Security Regulations (Regulations), subject to certain non-exertional limitations; and (5) based on the VE's testimony, was capable of performing the requirements of the representative occupations of vehicle washer, hand packager, and cleaner of transportation vehicles. (R. 15-21). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 21).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

---

[2] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

3

To determine whether a claimant is disabled, the Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

III.

The Plaintiff's sole argument on appeal is that the Commissioner erred by not ordering a CE regarding the Plaintiff's psychological difficulties. (Doc. 22 at 11-14). In support of this argument, the Plaintiff asserts that, due to his prior criminal record, he does not qualify for free public health care (including medication) and that, because the evidence demonstrated that his psychological conditions worsen without such health care, the ALJ was obliged to seek a CE to assess his level of functioning in the event that he is without access to treatment. *Id.*

5

In response, the Commissioner contends that the evidence of record provided an adequate basis for the ALJ's evaluation of the Plaintiff's disability claim, such that the ALJ was under no duty to order a CE. *Id.* at 15-22. The Commissioner points out in this regard that, among other things, the Plaintiff has not identified any authority to buttress his assertion that the ALJ was required to obtain a CE concerning the Plaintiff's functional ability without access to health care and medication. *Id.* at 16.

Upon a thorough review of the record and the parties' submissions, the Court finds no cause for reversal or remand.

A.

Because Social Security proceedings are inquisitorial rather than adversarial, an ALJ has a basic and firmly-established duty to develop a full and fair record of the facts relevant to a claimant's application for benefits. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This duty, however, does not require an ALJ to order a CE wherever there is evidence that a claimant may suffer from a particular impairment. Instead, an ALJ "may purchase a [CE] to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the SSA] to make a determination or decision on [a] claim." 20 C.F.R. § 416.919a. Importantly, the ALJ need not exercise this discretion in favor of ordering a CE "as long as the record contains sufficient evidence for [him] to make an informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty*, 245 F.3d at 1281).

A plaintiff seeking remand of his case where an ALJ has declined to order a CE must show not only that the ALJ erred in doing so, but also that the plaintiff was

prejudiced by the ALJ's decision. *Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 742 (11th Cir. 2015) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Only where "the record reveals evidentiary gaps which result in unfairness or clear prejudice" may a court find that remand is appropriate. *Id.* (quoting *Brown*, 44 F.3d at 935). Ultimately, a plaintiff bears the burden of proving he is disabled and must therefore produce adequate evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

B.

In this case, there was sufficient evidence for the ALJ to make an informed decision regarding the Plaintiff's mental impairments in accordance with the governing Regulations. (R. 16-19). That evidence included medical records of the Plaintiff's treatment for both physical and mental issues from various treatment providers between 2009 and 2013; two psychological CEs conducted in February 2013 and November 2014;[4] assessments performed by two reviewing state agency psychologists—John Thibodeau, Ph.D., and Theodore Weber, Psy. D.—in November 2014 and January 2015; examinations conducted by the Florida Department of Corrections (DOC) throughout 2016; the Plaintiff's hearing testimony; and questionnaires that the Plaintiff and his mother completed before the hearing. *Id.*

---

[4] The licensed psychologist who examined the Plaintiff on these dates, Dr. Fred Alberts, Jr., had the benefit of reviewing an earlier mental evaluation of the Plaintiff that was done in May 2010 by a different psychologist, Dr. John Dsurney. (R. 390, 351-53).

The Plaintiff's attempts to undermine this evidence are without merit. The Court notes as an initial matter that, although the sole basis for the Plaintiff's CE request at the hearing rested on his IQ, the Plaintiff makes no mention of that fact on appeal and instead now offers a different justification for his contention that another CE is necessary. (Doc. 22 at 11-14). Given the Plaintiff's shifting statements on this issue, it is difficult to hold the ALJ to account for his disposition of an argument that was not presented to him at the administrative level.

The Court also notes that, as argued by the Commissioner, the Plaintiff has offered no decisional authority to support his contention that an ALJ must seek evidence demonstrating how a claimant functions when he is off his medication. The opinions the Plaintiff does cite in this regard—*Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984), *Ford v. Sec'y of Health & Human Servs.*, 659 F.2d 66 (5th Cir. 1981), and *McCall v. Bowen*, 846 F.2d 1317 (11th Cir. 1988)—are inapposite.

For starters, the records before the ALJs in *Reeves, Ford*, and *McCall* did not include the kind of medical opinion evidence evaluating the plaintiffs' impairments to which the ALJ here already had access. Moreover, in *Ford*, the ALJ failed to make a clear factual determination as to the severity of the claimant's mental condition and gave it short shrift in his administrative decision, despite compelling record evidence of this impairment. 659 F.2d at 69. In addition, *McCall* involved the Commissioner's duty under 42 U.S.C. § 421(h) to make every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist before making a disability determination, and the Eleventh Circuit has suggested that, by its terms, section 421(h) does not apply

to ALJ determinations.[5] *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006) (citing *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999)).

The Court is likewise unpersuaded by the cases the Plaintiff cites in which courts have found error in an ALJ's decision to fault claimants for failing to obtain medical care due to financial reasons. (Doc. 22 at 14). As the Commissioner correctly observes, the ALJ here did not rely on the Plaintiff's noncompliance with prescribed treatment in rendering his disability decision.

Putting aside these threshold issues, it is far from evident that the Plaintiff's psychological conditions worsen without access to medication, as he claims they do. At the hearing, counsel acknowledged that medication only "somewhat" alleviated the Plaintiff's symptoms stemming from his mental issues. (R. 32-33). Consistent with this acknowledgment, the Plaintiff testified that, despite his access to counseling and medication while incarcerated, he still experienced difficulties in getting along with others to the point that he was placed in confinement for fighting with a guard and another inmate. (R. 34-36). Indeed, at the hearing, the Plaintiff admitted that medication helped to reduce his symptoms of hearing voices and seeing shadows only "just a little" and his depression only "somewhat." (R. 36-37).

---

[5] Even if section 421(h) were to apply here, the Plaintiff has failed to show that its requirements have not been met. The Court notes in this regard that the Commissioner sought the opinions of two state agency psychological consultants, Drs. Thibodeau and Weber (R. 62-64, 75-80), before resolving the Plaintiff's disability claim. *Bowers v. Astrue*, 2008 WL 3833239, at *6 (implying that examinations by non-examining state agency physicians regarding plaintiff's mental impairments satisfied Commissioner's obligations under section 421(h)). In addition, the Commissioner had the benefit of a CE that was performed by Dr. Alberts on November 4, 2014. (R. 425-28).

9

Attempting to parse the evidence related to how the Plaintiff might function when he is off his medication reveals another problem with his argument on appeal—it invites the Court to engage in a considerable amount of impermissible conjecture. For example, to support his assertion that his behavior worsens without access to medication, the Plaintiff states that he was arrested again several months after the ALJ's decision and surmises that, although this recent arrest does not constitute medical evidence, "there appears to be a pattern of behavior" in which he engages in criminal behavior when not medicated. (Doc. 22 at 14). Similarly, the Plaintiff fails to any identify limitations for which the ALJ's RFC determination did not account, leaving this question instead for the Court's speculation. *Id*. at 12-14. He also requests that the Court theorize as to whether he would, in fact, be deprived of access to any level of health care in the foreseeable future.[6]

Such conjecture, however, provides no basis for this Court to overturn an ALJ decision that is otherwise supported by substantial evidence, as is the case here. *See, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (declining to accept plaintiff's extrapolation that, based on their evaluations, his physicians would disagree with ALJ's findings).

---

[6] The problem with the speculative nature of the Plaintiff's argument is illustrated by the fact that, after the parties submitted their briefs, it was reported that the stated source for Plaintiff's free health care (Hillsborough County) is rescinding the "three-strikes rule" that the Plaintiff submits would prevent him from obtaining such free health care in the future based on his criminal history. *See* https://wusfnews.wusf.usf.edu/post/hillsborough-health-plan-expands-eligibility-benefits (last visited March 27, 2019). This development further undermines the Plaintiff's argument on appeal.

In sum, based on all of the above, the Court finds no error in the ALJ's decision not to order what would have been a fourth CE to assess how the Plaintiff might function in the event that he is unable to obtain medication or other treatment for his mental impairments. As noted, the record provided the ALJ with years of medical evidence related to the Plaintiff's treatment for his physical and mental conditions; two CEs conducted for the express purpose of assessing his mental status, one of which occurred close in time to the Plaintiff's application date; the opinions of two reviewing state agency physicians; and the Plaintiff's own estimation of his symptoms and the extent to which they were alleviated by medication. Accordingly, the record before the ALJ afforded him ample information to make an informed decision as to the Plaintiff's disability claim. *See, e.g., Doughty*, 245 F.3d at 1280-81 (finding that two medical opinions coupled with plaintiff's testimony provided abundant evidence upon which ALJ could reach a decision without need for a CE regarding materiality of plaintiff's alcoholism); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (rejecting argument that ALJ was compelled to seek additional expert medical testimony before reaching disability determination where record already included opinions of several physicians); *Riddle v. Astrue*, 2013 WL 623896, at *3 (M.D. Fla. Jan. 25, 2013) (disagreeing with plaintiff's assertion that updated CE was needed due to absence of recent medical treatment where record contained one hundred pages of medical records from treating physicians and three state agency consultants).

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 28th day of March 2019.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record